UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                          Case No. 19-CR-176

JEREMY M. LUDWIG,

        Defendant.

---

## ORDER DENYING MOTION FOR SENTENCE REDUCTION

---

On October 8, 2019, a Grand Jury returned an indictment charging Jeremy Ludwig and several others with Conspiracy to Distribute and Possess with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine. As charged, the offense carried a mandatory minimum sentence of ten years and a maximum of life in prison. Pursuant to plea negotiations, Ludwig entered a guilty plea to an information charging him with the lessor offense of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of a Mixture and Substance Containing Methamphetamine. The amended charge reduced the mandatory minimum to five years, with forty years as the maximum. The plea agreement was entered under Fed. R. Crim. P. 11(c)(1)(C) and required the court to impose a sentence of eight years in prison, or 96 months. On May 7, 2020, the court accepted Ludwig's plea and imposed a sentence of seven years, or 84 months. The reduced sentence was entered with the agreement of the Government in order to give Ludwig credit for time he had spent in state custody due to the revocation of supervision in other cases.

The case is now before the court on Ludwig's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(a)(2). Ludwig argues that under Amendment 821 to the United States Sentencing Guidelines, he is entitled to a reduced sentence. The motion will be denied.

Ludwig is correct that his Guideline calculation would be different under Amendment 821. His original Guideline sentence range was based upon the accumulation of ten criminal history points, placing him in Criminal History Category V. His criminal history included eight points for prior convictions and two points for his status (Ludwig was on community supervision with the Wisconsin Department of Corrections) at the time he committed the instant offense. Amendment 821 eliminated the 2 points the Guidelines previously awarded for offences committed while under criminal supervision for offenders who had less than seven criminal history points. Offenders who had seven or more points now receive only one point if the offense was committed while they were on criminal supervision. U.S.S.G. § 4A1.1(e).

Reducing Ludwig's criminal history points by one changes his Criminal History Score from ten to nine points, placing him in Category IV. With an Offense Severity Score of twenty-five his amended Guideline range would be eighty-four months to one hundred five months. Because eighty-four months is the precise sentence he received, he is not entitled to a further reduction. This follows from the United States Sentencing Commission's policy statement in U.S.S.G. § 1B1.10(b)(2)(A) which indicates that relief under that section is not available for defendants who originally received sentences that were below the amended Guideline range. *See also Dillon v United States*, 560 U.S. 817–819 (2010) (Policy statement in § 1B1.10(b) is binding on district courts). Since the sentence imposed by the court was at the low end of the amended Guideline range, Ludwig is entitled to no further relief. His motion for a sentence reduction must, therefore, be denied.

The effect of denying Ludwig's motion for reduction of his sentence is that he is no longer given credit for the state sentence that was imposed following the revocation of his supervision. But this is consistent with the policy set forth in Application Note 4 and subsection (f) of U.S.S.G. § 7B1.3 (Revocation of Probation or Supervised Release. It is also consistent with Application Note 4(C) of U.S.S.G. § 5G1.3. For this reason as well, Ludwig's motion is denied.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of February, 2025.

_____
William C. Griesbach
United States District Judge